**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

JOHN DOE,                                              )
                                     )
        Plaintiff,                                 )
                                       )
v.                                                     )      Civil Action No.
                                     )
JOHN RATCLIFFE,                                        )
                                       )
        Defendant.                                 )
                                       )

**PLAINTIFF'S MEMORANDUM OF FACTS AND SUPPORTING REASONS IN
SUPPORT OF HIS MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff files this Memorandum of Facts and Supporting Reasons in Support of his Motion to Proceed Under Pseudonym. For the reasons set forth below, Plaintiff respectfully requests this Court grant his motion, and permit him to proceed in this matter under pseudonym.

**FACTS**

Plaintiff was a contractor, serving as a data scientist with the Central Intelligence Agency's (CIA or "the Agency") Counterterrorism Mission Center. Compl. (ECF No. 1) at ¶21. This position required a top secret security clearance, and all work he performed remains classified. *Id.* at n.2. For operational reasons, Plaintiff is precluded by the Agency from providing specifics about his job with the CIA, including how long he worked for the CIA, and the contracting companies he was employed with that contracted with the CIA. *Id.* Indeed, the Agency has not permitted Plaintiff to state on his resume that he was a contractor with the Agency. *Id.*

1

## STANDARD

As a general rule, a complaint in federal court must state the names of the parties. Fed. R. Civ. P. 10(a). The Fourth Circuit analyzes a request to proceed under pseudonym using the following factors:

> [1] [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, [5] relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

## ARGUMENT

The first, fourth, and fifth factors weigh in Plaintiff's favor. With respect to factor one, Plaintiff was a contractor with the Central Intelligence Agency. "Inherent in [the] role [of U.S. intelligence officers] is the need to protect one's identity from disclosure." *Doe v. U.S. Off. of the Dir. of Nat'l Intel.*, No. 1:25-CV-300-AJT-LRV, 2025 WL 751995, at *1 (E.D. Va. Feb. 21, 2025). For this reason, "Courts have held that certain federal employees, including intelligence officers, have identities that are 'sensitive and highly personal.'" *Id.* (referencing *Doe v. Austin*, No. CV 22-3474 (RC), 2024 WL 864197, at *3 (D.D.C. Feb. 29, 2024) (granting motion to proceed under pseudonym for intelligence officer for the Department of Defense); *Bird v. Barr*, No. 19-CV-1581, 2019 WL 2870234, at *5 (D.D.C. July 3, 2019) (granting motion to proceed under pseudonym for FBI agents due to concerns over personal safety should identities be revealed); *Peary v. Goss*, 365 F. Supp. 2d 713, 716 n.1 (E.D. Va. 2005) (noting that the plaintiff, a former CIA officer, "has adopted a pseudonym for the purpose of this litigation to preserve CIA operational security")). Plaintiff is precluded by the Agency from

2

providing specifics about his job with the CIA, how long he worked for the CIA, the contracting companies he was employed with that contracted with the CIA, or informing any future employers that he was a contractor with the CIA. The undoubted purpose of this is to preserve "CIA operational security." Accordingly, the first factor weighs in Plaintiff's favor.

With respect to the fourth factor, "when action is against government parties, including officers named in their official capacities, 'proceeding under pseudonyms will have no impact on private rights.'" *Doe v. U.S. Off. of the Dir. of Nat'l Intel*, 2025 WL 751995, at *2 (quoting *Bird*, 2019 WL 2870234, at *6). Defendant is a governmental actor. Accordingly, the fourth factor weighs in Plaintiff's favor.

With respect to the fifth factor, "[w]here a plaintiff's identity is known to the defendant, and the motion to proceed under pseudonym is made for the purpose of concealing the plaintiff's identity only from the public, there is little risk of unfairness to the defendant." *A.D. v. Wyndham Hotels & Resorts, Inc.*, No. 4:19-cv-120, 2020 WL 526975 8, at *2 (E.D. Va. Mar. 20, 2020) (internal quotations and citation omitted); *see also In re Sealed Case*, 971 F.3d 324, 326 n.1 (D.C. Cir. 2020) (explaining that the fifth factor is "not implicated" where defendant knows plaintiff's identity). Plaintiff alleges the CIA unlawfully required him to submit to a medical examination and non-business-related disability inquiry. Plaintiff raised his concerns regarding the illegality of the examination and inquiry to various Agency staff members, Agency attorneys, the Office of the Director of the CIA, the Agency's Inspector General, the Agency's Office of Privacy and Civil Liberties, and the Agency's Office of Equal Employment Opportunity. He then litigated his case against the Agency through the Equal Employment Opportunity Commission. The Agency issued him a Final Agency Order in his case. Given these facts, Defendant undoubtedly is aware of Plaintiff's identity. For this reason, the fifth factor weighs in Plaintiff's favor.

**CONCLUSION**

For these reasons and other such reasons as may appear just to the Court, Plaintiff respectfully requests that this Court grant his Motion.

Dated: July 9, 2026                                    Respectfully submitted,


/s/ *Ellen Renaud*
Ellen Renaud
VA Bar 47326
LAW OFFICES OF ELLEN K. RENAUD, LLC
7839 Seth Hampton Dr.
Alexandria, VA 22315
(202) 573-8861
ellen@renaudlawyers.com
*Local Counsel*

/s/ *Carol A. Thompson*
Carol A. Thompson
ASHBROOK BYRNE KRESGE FLOWERS LLC
PO Box 8248
Cincinnati, OH 45249
817-994-2765
cathompson@abkf.com
*Pro Hac Vice Application Pending*

*Counsel for Plaintiff*